DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Roy H. Buck, Jr., appeals the decision of the Lorain County Court of Common Pleas, which adjudicated him a sexual predator and sentenced him to non-minimum, consecutive prison terms. This Court affirms.
 I. {¶ 2} On November 13, 2002, appellant pled guilty to two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The trial court scheduled the case for a hearing both to determine the sexual offender status of appellant and to sentence him for the convictions. On January 17, 2003, the hearing proceeded and the court found appellant to be a sexual predator and sentenced him to two three-year prison sentences, to be served consecutively.
 {¶ 3} Appellant timely appealed and sets forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"THE COURT ERRED IN MAKING A SEXUAL CLASSIFICATION DETERMINATION THAT THE OFFENDER WAS A SEXUAL PREDATOR FOLLOWING A HEARING UNDER R.C.2950.09(B)(1)WHEN THE COURT FAILED TO FIRST OBTAIN AND CONSIDER AN EXPERT REPORT FROM THE OFFENDER'S PSYCHIATRIST WHEN THE COURT WAS AWARE THAT THE OFFENDER WAS RECEIVING SEXUAL OFFENDER COUNSELING AS A CONDITION OF A COMMUNITY CONTROL SANCTION HE WAS SERVING AS A RESULT OF A PREVIOUS SEXUAL OFFENSE CONVICTION."
 {¶ 4} In his first assignment of error, appellant argues the trial court erred in adjudicating him a sexual predator because it failed to first obtain and consider a report from appellant's psychiatrist pertaining to his sexual offender counseling, which he was receiving as part of his community control sanction from a previous sexual offense conviction. This Court disagrees.
 {¶ 5} R.C. 2950.01 defines a sexual predator as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). R.C. 2950.09 sets forth factors the trial court must consider, but is not limited to, in making a sexual predator determination:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
"(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3)(a-j).
 {¶ 6} R.C. 2950.09 also provides the procedural requirements for conducting all sexual offender classification hearings and states, in relevant part:
"The court shall give the offender * * * and the prosecutor who prosecuted the offender * * * for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator. The offender * * * shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender * * *." R.C.2950.09(B)(2).
 {¶ 7} In the instant case, the trial court conducted a sexual offender classification hearing for appellant and determined him to be a sexual predator. The court found that appellant had been previously convicted of gross sexual imposition in July of 2002. After applying the R.C. 2950.09(B)(2) factors to the facts and circumstances surrounding appellant's offenses in the present case, the court also found that appellant is likely to engage in the future in one or more sexually oriented offenses. The court noted that, at the time of the offenses, including appellant's prior conviction, appellant was in his 30's and the victims were all 10 to 12 years of age. The court also noted there were multiple victims, appellant's offenses involved sexual touching of the vaginal area of the victims, and that appellant violated his victims while they were sleeping and in a vulnerable state. Moreover, the court noted that appellant's victims included his own step-daughter and children whose parents were close friends to appellant; therefore, appellant was willing to sacrifice those close relationships of trust to perpetrate his offenses.
 {¶ 8} Appellant now argues that the trial court erred in adjudicating him a sexual predator because it did not obtain an evaluation from a psychiatrist he was receiving counseling from for his previous gross sexual imposition conviction. However, this Court draws attention to the fact that appellant did not request this evaluation to present at his hearing, nor did he request the court to obtain the same from the treating psychiatrist before or during his hearing. Despite appellant's failure to utilize his opportunity to present such evidence or call and examine his psychiatrist at the time of his classification hearing, appellant now claims the trial court was required to obtain the evaluation from his treating psychiatrist before adjudicating him a sexual predator. Appellant is incorrect.
 {¶ 9} The Ohio Supreme Court has held that an expert psychiatric evaluation is not mandatory in every case of sexual offender classification. State v. Eppinger (2001), 91 Ohio St.3d 158, 163. TheEppinger court clarified that one prior sexually oriented conviction, when considered along with evidence that falls within the list of R.C.2950.09(B)(3) recidivism factors, can establish by clear and convincing evidence that a defendant is likely to engage in one or more sexually oriented offenses in the future. Id. at 167. In appellant's case, the court found the facts of appellant's conduct met several of the recidivism factors listed in R.C. 2950.09(B)(3): he preyed on multiple victims, all young girls, children of his family and friends, and violated them while they were sleeping. The court determined these factors, along with appellant's prior gross sexual imposition conviction, established that appellant is likely to commit sexual offenses in the future.
 {¶ 10} After careful review of the record and applicable law, this Court cannot find that the trial court erred in adjudicating appellant a sexual predator. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE SENTENCING COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES: (1) WITHOUT STATING ON THE RECORD THE COURT'S FINDINGS ON THE APPLICABLE RECIDIVISM AND SERIOUSNESS FACTORS SET FORTH IN OHIO REVISED CODE SECTION 2929.12 AND, (2) WHEN THE COURT FAILED TO STATE REASONS THAT SUPPORT A FINDING REQUIRED BY R.C. 2929.14(E)(4) FOR THE IMPOSITION OF CONSECUTIVE SENTENCES."
 {¶ 11} In his second assignment of error, appellant argues the trial court erred in sentencing him to consecutive sentences because it failed to state its findings and reasons for its findings on the record. This Court disagrees.
 {¶ 12} The Ohio Supreme Court has recently held that "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. The Comer court provided the following instruction as to what the trial court must state on the record at the sentencing hearing:
"A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c).
"A trial court must also comply with R.C. 2929.19(B) when imposing consecutive sentences. R.C. 2929.19 is the statute governing the sentencing hearing. R.C. 2929.19(B)(2) provides that the sentencing court `shall impose a sentence and shall make a finding that gives its reasons
for selecting the sentence imposed in all of the following circumstances:
" `* * *
" `(c) If it imposes consecutive sentences under [R.C.] 2929.14.' " (Emphasis sic.) Id. at ¶ 13-16.
 {¶ 13} In the instant case, the trial court imposed consecutive sentences upon appellant. The court stated the following on record at the sentencing hearing:
"This Court finds, pursuant to R.C. 2929.14(E), that the sentences this Court will be imposing are to be served consecutively to each other, as consecutive sentences are necessary to protect the public from future crime, and are not disproportionate to the defendant's conduct and the danger the defendant poses to the public, and the Court also finds that the harm caused by defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of defendant's conduct, and therefore these sentences will be ordered to be served consecutively."
 {¶ 14} The court then set forth its reasons for making its determination, stating the following: there were two separate victims, the offenses were committed roughly five years apart, the victims were 10 and 11 year old girls, one victim was appellant's stepdaughter, the other victim was a daughter of friends who had taken appellant in to live with them. The court also noted, as additional reasons for the imposition of consecutive sentences, that appellant admitted to conduct with another victim in his pre-sentence report and his offenses involved violations of the trust he had developed with his family and friends.
 {¶ 15} After careful review of the sentencing transcript, this Court finds that the trial court properly made its findings and reasons supporting those findings at the sentencing hearing pursuant to Comer. Therefore, the court did not err when it sentenced appellant to consecutive sentences. Appellant's second assignment of error is overruled.
 III. {¶ 16} Accordingly, appellant's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J., and Baird, J. Concur.